FRANKLIN ELIJAH

v.

SAMUEL C. TAYLOR.

HUSBAND AND WIFE—*property of latter under law of* 1861. Where the husband, as the head of the family, occupies and cultivates the land of the wife, he must be considered as occupying it, with her consent, for the common benefit of the family; and the products of his toil, upon such land, are as much his property, notwithstanding the act of 1861, as if he had occupied, as a tenant, land rented from some third person.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a suit originally commenced by Samuel C. Taylor against Franklin Elijah before a justice of the peace to recover the value of certain corn.

On an appeal to the Circuit Court and trial there, the plaintiff recovered a verdict and judgment for $53.00, whereupon Elijah sued out a writ of error. The facts are stated in the opinion.

Messrs. FLETCHER & KINNEY for plaintiff in error:

The first point raised in this cause is, that the land upon which the said corn was raised, and also the corn itself, was the property of Mrs. Taylor, and not the property of Samuel C. Taylor. The statute of his State, passed in 1861, approved February 21st, 1861, on page 143 Session Laws of 1861, was passed for the express purpose of meeting such a case as this, and to prevent the husband from taking and appropriating the property of the wife for the benefit of himself.

The husband, under said statute, cannot control or interfere with the separate property of the wife. She, under said law, is the complete, entire and absolute owner of her own property. And the husband cannot, in his own name, sue for or in any manner control her property, and she, for the

purpose of controling her own property, is, by said law, for such purpose, a *feme sole :* she is to all intents and for all purposes, respecting said property, separate from her husband.

In *Emerson* v. *Clayton*, 32 Ill., 493, the true construction is given to the said statute above referred to.

Therefore we hold it to be true, if Mrs. Taylor was the owner of the land on which said corn was raised, and that she sold said corn under a contract made between her and the said Elijah, and afterwards her husband interfered with the transaction between his wife and said Elijah, the said Taylor cannot afterwards, in his own name, sue and recover, but if he sues, his suit must be dismissed, because he has no interest in the subject matter of the suit; and the legal title in said corn was the property of Mrs. Taylor and not the property of Samuel C. Taylor. 1 Chitty's Pleadings, 10th American edition, page 2, title, Parties.

Messrs. BLADES & KAY for defendant in error.

The position taken by the defendant in the Circuit Court is radical in the extreme, and if sanctioned by the court, would subvert the natural domestic relations, so far as the " rights of things " are concerned, and in every case where the husband and wife live on the land of the wife, the husband would be obliged to regularly lease the land of the wife, else he would be taken to be her servant.

As the law now stands, without any forced construction, the property of the wife is hers absolutely. She can, it seems, convey her lands by her sole and separate deed.

The wife's interest in the realty of her husband is such an incumbrance as to prevent the husband from conveying *his* lands without her legal consent, even lands which constitute no part of the homestead. The wife hangs like a perpetual cloud upon the title of the husband. *His* property is liable for debts contracted by *her* for necessaries. She takes a large share of his property upon his death, while her property goes to *her* heirs, and is, we suppose, in no case

liable for debts contracted by him for necessaries for the family. She is the *baron;* he is the *feme.* The Utopia of women's rights has been reached. We cite, *Peck* v. *Ward,* 6 Haris, 506; *Thorndell* v. *Morrison,* 1 Casey, 326; *Ulp* v. *Campbell,* 7 Harris, 361; *Stoops* v. *Blackford,* 3 Casey, 214; *Steinman* v. *Ewing,* 7 Wright, 63; *Mahon* v. *Gormley,* 12 Harris, 80; *Raybold* v. *Raybold,* 8 Harris, 308; *Kenedy* v. *Good,* 9 Harris, 349.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The plaintiff below, Taylor, occupied with his wife in the spring and summer of 1862, a piece of land owned by her, on which he planted corn. In the course of the summer he went into the army, leaving his wife in charge of his affairs. She sold the standing corn to the appellant, Elijah, at 20 cents per bushel, for which he gave her his note, estimating the corn at 400 bushels, and agreeing to pay her at the same rate for any surplus. She went on a journey, leaving him to gather and measure the corn, and on her return he paid her for 425 bushels, she insisting, however, that there was a larger quantity. Her husband, on his return from the army, brought suit for the alleged surplus, and obtained a verdict and judgment for $53.

It is insisted, as a ground for reversing the judgment, that, admitting there was a surplus of corn unpaid for, the husband cannot maintain the suit—that the act of 1861, in regard to the property of married women, made the wife of the plaintiff the sole owner of the corn, because it was raised on her land, and that the husband had no legal interest in it.

We desire to proceed cautiously in the construction of that act, because, although passed without much consideration, it involves interests of great magnitude, and questions of no little difficulty. All that we deem it necessary to say, in regard to the case before us, is this: that where the husband, as the head of the family, occupies and cultivates the land of the wife, he must be considered as occupying it with her consent, for the common benefit of the family; and the products

of his toil upon such land, are as much his property, notwithstanding the act of 1861, as if he had occupied, as a tenant, land rented from some third person. Any other rule would plainly lead to great confusion, and open a wide door to fraud. In the case at bar, the corn was planted, and at least partially raised, by the husband, and must be regarded as his property.

The question as to whether there was really more corn than the 425 bushels for which Elijah accounted, is left in some doubt by the evidence, but it is a question which the jury were quite competent to decide, and we cannot say that the evidence does not sustain the verdict. Indeed we think the preponderance of evidence is in its favor.

*Judgment affirmed.*