# JAMES W. PRIMMER

*v.*

# JOHN CLABAUGH.

1. WITNESS—*widow a competent witness to protect her separate property.* Where the litigation involves the separate property of the wife, she is made a competent witness to protect the same, and the fact that her husband is dead, will not render her incompetent as a witness against his administrator, when her property is replevied in a suit by a party claiming under her, against the administrator of her husband's estate.

2. MARRIED WOMEN—*use of her property by husband.* The fact that a married woman allows her husband to have a general use and control over her personal property, such use and control being of a character consistent with their common interests, and the proper enjoyment of it by both, will not make it liable for his debts, or entitle his administrator to claim the same as against her mortgagee.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. W. W. WILLARD, and Mr. B. B. SMITH, for the appellant.

Mr. A. H. WHITE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was replevin in the *cepit* and *detinet*, brought to the Marion circuit court by John Clabaugh against James W. Primmer, for a lot of mules, cattle, farming implements and other like personal property.

The pleas were, *non cepit* and *non detinet*, and a special plea that the property was the proper goods and chattels of one John J. Dolson, deceased, on whose estate defendant had administered, and claiming to hold the property as such administrator.

On issues being made up, the cause, by consent of parties, was referred to Michael Schæffer, Esq., under the first section of Ch. 117, R. S. 1874, title, "Referees," who reported the evidence and his conclusions thereon, to which exceptions were taken by the defendant, and the same argued, and considered by the court. The exceptions were disallowed, and a judgment rendered according to the finding and suggestions of the referee.

From this judgment the defendant appeals.

The plaintiff claimed the possession of the property in question, in virtue of two chattel mortgages executed by Emily H. Dolson, the wife of the intestate, one to Alexander Cameron, and by him assigned to the plaintiff; the other executed to the plaintiff himself, to secure certain notes executed by Mrs. Dolson to the parties respectively.

The first objection made by appellant is, that Mrs. Dolson was not a competent witness for the plaintiff, under section 5 of Ch. 51, title, "Evidence and Depositions," R. S. 1874.

We have no doubt the wife was a competent witness, and made so by the section to which reference is made, "the litigation involving the separate property of the wife." Was her husband living, it is certain she could be a witness to protect her own separate property rights. His death can not place her in a worse position, and should not. Dead or alive, the wife or widow can vindicate her right to her separate

property, before any tribunal in this State. It would be gross injustice to declare that the rights of a married woman are lost by the death of her husband.

The wife being a competent witness, there could be no hesitation on the part of the referee or the court in finding as they did, for it is clear, from her testimony, the money by which the most of this property was acquired was her money, and it matters not what the law of Iowa or New York may be in this respect, it was recognized by the husband, on their removal to this State, as hers, as will be seen by his letter to plaintiff, set out in the record bearing date December 14, 1872.

The principles approved by this court in *Dean* v. *Bailey*, 50 Ill. 481, govern this case. It was there said, it does not follow, because a wife merely allows her husband to have a general use and control over her personal property, such use and control being of a character consistent with their common interests, and the proper enjoyment of it by both, that it should become liable to the payment of his debts.

Such property does not go to the administrator, but to the wife, or her personal representative.

Seeing no error in the record, we therefore affirm the judgment.

*Judgment affirmed.*