## BOLIVAR BLOOD

*v.*

## CHARLOTTE A. BARNES.

79   437
166  108
79   437
96a ²397

1. MARRIED WOMAN—*separate property of, used by husband, not thereby subjected to payment of his debts.* The fact that the husband uses and enjoys the separate property of the wife, and out of it procures the means for the support of his family, does not render such property liable for the debts of the husband.

2. So, where the husband was a printer, and the wife invested money arising from the sale of her separate property, derived from a source other than her husband, in types and printing machinery, which was used and managed by the husband in his business as a printer, from which he procured the means of support for his family, it was *held*, that the property was not liable for the debts of the husband, but was as completely protected as if it had been the property of a stranger.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. F. S. MURPHY, for the appellant.

Messrs. DOUGLASS & HARVEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, brought to the June term, 1874, of the Knox circuit court, by Charlotte A. Barnes, against Bolivar Blood, for a lot of types and material used in printing the "Galesburg Free Press."

The defendant, who was a constable of the county, pleaded several pleas, among them, that the articles were the property of M. S. Barnes, the husband of the plaintiff, and justifying the taking in virtue of an execution in his hands, issued by the police magistrate, in the suit of W. C. Clarke against the said M. S. Barnes, and levied by him on the property in question.

The jury found the issues for the plaintiff, on which, after overruling a motion for a new trial, the court rendered judgment.

To reverse this judgment, this appeal is taken, and errors assigned upon the instructions given and refused, and in overruling a motion for a new trial.

There have been two trials of this cause, each resulting in a verdict for the plaintiff, and we are now asked to declare there was error in refusing a third trial.

We have examined the evidence carefully, and find no conflict in it, the whole of it going to show the property levied on was the property of the plaintiff, purchased with her own money, and belonging to her in her own right, and derived from a source other than her husband. There is no dispute about this.

The point next insisted on by appellant is, the fact that her husband, the defendant in the execution, used and enjoyed the property as his own, and out of it procured the means for the support of his family, he having no means to do so other than by the practice of his art and skill as a printer.

This, as was held in *Dean* v. *Bailey*, 50 Ill. 481, was not incompatible with the ownership residing in the wife. It was there said, if we were to hold that a wife owning per-

sonal property rendered it liable for her husband's debts. merely by allowing him to have a general use and control over it, the property of the wife could be secure only by a practical divorce *a mensa et thoro,* and by setting up a domestic establishment entirely apart from her husband. See, also, *Primmer* v. *Clabaugh,* 78 Ill. 94.

An argument is drawn against the right of appellee from the fact that, at one time, her husband mortgaged this property. That is explained as having been done by mistake. It was to raise money in part for the use of the wife, and when the mistake was discovered, she herself executed the mortgage.

This was the only instance in which the husband attempted to exercise a power to dispose of this property, and that, under the circumstances, should not prejudice the right of appellee. Her husband did not claim the property as his. He always said it belonged to his wife, and so informed the officer when he was about to levy the execution. Under a fair interpretation of the act of 1861, and subsequent statutes, the claim of the wife must be acknowledged. Although under cover of this law frauds may be attempted, juries are admonished thereby to exercise the most rigid scrutiny in all such cases. This case has been twice examined by an impartial jury, and they have found nothing of a fraudulent nature in the transaction.

There is a marked difference between this case and those of *Wortman* v. *Price,* 47 Ill. 22, *Brownell* v. *Dixon,* 37 ib. 197, and *Wilson* v. *Loomis,* 55 ib. 352, cited by appellant. It is like the case of *Dean* v. *Bailey, supra,* in which the cases of *Wortman* v. *Price,* and *Elijah* v. *Taylor,* 37 Ill. 247, were commented on and the difference pointed out. In the former case, the wife had placed money in the hands of her husband. to be used by him in trade, and it was held as a loan of money to him. and his stock in trade would be liable for his debts.

In *Elijah* v. *Taylor,* the husband, by his personal labor, had raised a crop upon his wife's land, and it was held, the

crop was liable for his debts, saving, perhaps, a lien in her favor for a reasonable rent. In this case, the court say, if the wife has invested her money in a farm, and in the stock and implements necessary for its cultivation, which would often be the best mode of providing for her children, we see no reason why she should not employ the aid of her husband in its management without subjecting her property to the payment of his debts.

In *Brownell* v. *Dixon*, the question was. in whom was the ownership of the property vested. In *Wilson* v. *Loomis*, *supra*, the wife placed her money in the hands of her husband. for the purpose of carrying on a general trade in lumber, in the wife's name, and the husband, by his labor and skill in the undertaking, increased the fund. It was held, the capital and increase were not the separate property of the wife, but were liable for the debts of the husband.

We think this case is like that of *Dean* v. *Bailey*, *supra*, and, as the husband was a printer by trade, there was as much propriety in investing her money in types and printing machinery, to be managed by her husband, as there was in investing in a farm. and stock and implements necessary to its cultivation, to be controlled by her husband, who was a farmer. That was the best way to provide for the family, whilst this, the husband being a printer, was the best way to provide for his family, and this without subjecting the property to the payment of his debts. This property, so situated, is as completely protected as though it were the property of a stranger.

It is complained, the court refused to give for the defendant instructions numbered 5 and 6, but, as they relate to a question not in the case, no point can be made on them. The proof is clear that the house and lot in Aurora, in this State, which paid for the property in dispute, was purchased with the money of appellee, and the title taken in her own name.

This case having been twice tried by a jury, and their finding not against the weight of the evidence, and the jury properly instructed, we must affirm the judgment, and the same is affirmed.

*Judgment affirmed.*