Card v. Robinson.

# CLINTON W. CARD
## v.
## PHŒBA M. ROBINSON.

1. HUSBAND AND WIFE—AGENCY OF HUSBAND.—The statute of this State in relation to the property rights of married women, does not allow the wife to appropriate the results of the husband's skill and labor in a business carried on in her name, to the exclusion of the rights of the husband's creditors.

2. PROPERTY PURCHASED BY WIFE.—Where it appears that the wife borrowed the money with which to purchase material and engage in business, the business being carried on by her husband as her agent, and repaid the money borrowed out of the proceeds of the business, earned by the skillful labor of the husband, it cannot be said that she derived the property from a source other than that of her husband. The transaction will be regarded as an attempt to do indirectly that which is forbidden by the statute to be done directly.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. A. L. DOUD, for appellant; argued that the wife cannot appropriate the results of the husband's labor and skill to the exclusion of his creditors, and cited Wortman v. Price, 47 Ill. 22; Wilson et al. v. Loomis, et al. 55 Ill. 352; Patton v. Gates, 67 Ill. 164.

That the verdict is clearly against the evidence, and the case should be reversed: Schwarts v. Lammers, 63 Ill. 500; Davenport et al. v. Springer et al., 63 Ill. 276; Hibbard v. Molloy, 63 Ill. 431; Waggeman v. Lombard, 56 Ill. 42; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Ehrich v. White, 74 Ill. 481.

That an instruction not based upon the evidence should not have been given: Goodwin v. Durham, 56 Ill. 239; Holden v. Hulburd, 61 Ill. 280; Paulin v. Howser, 63 Ill. 312.

Messrs. MUNN & MUNN and Mr. W. T. HOPKINS, for appellee; contending that the question whether the husband's skill and labor had improved the property in question, was one of fact, and the jury having found by their verdict that it had

not, their finding should not be disturbed, cited Ellis v. Locke, 2 Gilm. 459; O'Reilly v. Fitzgerald, 40 Ill. 310; Young v. Rock et al. 48 Ill. 42; Jacquin v. Davidson, 49 Ill. 82; Chapman v. Stewart, 63 Ill. 332; Holcomb v. The People, 79 Ill. 409.

SIBLEY, P. J.   The facts disclosed in this record, exhibit a very clear case of an effort on the part of husband and wife to evade the law existing between debtor and creditor.   Phœba M. Robinson, the wife, in December, 1874, through George McKinney, purchased at a constable's sale, on execution against Ephraim Robinson, the husband, and his former partner, Dolan, several articles of personal property, for which she paid the sum of $34.95, but claims that they were worth $336. With the materials purchased at that sale, she in January, 1875, commenced the pump-making business on her own account, as she testified, and placed her husband, who was an experienced hand in the manufactory of pumps, in the sole charge of it.   He managed and controlled the business according to his own judgment, as her agent, devoting his whole time to its prosecution, without any compensation for his labor. This business of pump-making was carried on by her at the same place previously occupied by Robinson and Dolan for that purpose, without any indication of agency on the part of the husband, or any apparent change of ownership from that which existed when he was the proprieter, until the appellant levied on and sold the stock by virtue of an execution issued against the husband.   Phœba M. Bobinson brought this action of trespass against Card, the constable, and Newport, the plaintiff in the execution, for taking the property, and recovered damages from Card to the amount of $206.49.   From the judgment rendered upon that finding he apppealed to this court.

If this was all the evidence in the case, there being no claim that any of the property levied on by the constable included articles originally purchased by the wife, it would seem by the settled law of this State, that the creditors of the husband had a right to take it in satisfaction of their debts.   We held, in Guill v. Hanney, decided at the December term, 1877,

(1 Bradwell, 490) upon the authorities there cited, as well as on the correct construction of the statute, that the fruits of the husband's skill and labor were liable to be taken on execution to satisfy his debts, and we do not feel disposed to review the principles upon which that decision was founded. But when proceeding a little further with the testimony of appellee, which is alone being considered, if any doubt existed respecting the rights of the parties, it is at once removed. For Mrs. Robinson says that she borrowed the money to make the purchase of the materials at the constable's sale (which was all the capital that she ever put into the enterprise), of her brother-in-law, and repaid it out of the proceeds of the business. It should be remembered that Robinson and Dolan, at the time of this sale, were bankrupts, but afterward compromised with their creditors for fifty cents on the dollar. The appellee did not attend the sale in person, but employed McKinney to bid for her, and she knew nothing about the goods purchased except what was told her. Upon this state of facts the attorney for the appellee argues, with apparent gravity, that the chattels in the possession and control of the husband, levied on by the constable in September, 1875, without any proof of their identity with the articles originally purchased by the wife, were her separate property.

Even conceding that they were the very same purchased by her, and that no change in them had taken place by the handiwork of the manufacturer, as between the appellee and the creditor of the husband, her hold on the property would have been an exceeding slender one. Since it appears that the goods of an insolvent debtor were sold on execution against him—bid off by his wife through a third party for about one-tenth of their value, according to her judgment (although she never saw them), the money used in the purchase borrowed by the wife of a brother-in-law, and repaid out of the skillful labor of the husband, can it for a moment be seriously urged that she derived the property from a source other than that of her husband? If she had taken her husband's earnings before the purchase to buy the property with, it would require a bold man to deny the right of his creditors to seize it on execution. Is

there any substantial difference between the taking his earnings before the purchase, or appropriating the wages of his labor to repay the money borrowed with that view?

The law never sanctions the doing of a thing indirectly that cannot be directly accomplished.

Then a purchase made under such circumstances is a mere shift to evade the spirit of the statute, and cannot be sustained.

The judgment of the Circuit Court is reversed.

Judgment reversed.