## James Pease v. Hattie Barkowsky.

1. MARRIED WOMEN—*Separate Property—Advances to the Husband in Trade.*—If a married woman advances her separate money and places the same in the hands of her husband, for the purpose of carrying on any general trade, though in the wife's name, and the husband by his labor and skill in that undertaking, increase the funds, the entire capital embarked in the enterprise, together with the increase, will not constitute a separate estate of the wife, but will be liable for the debts of the husband.

2. SAME—*Wife's Capital—Earnings of the Husband.*—If the wife furnishes the original capital to commence a business, and the husband conducts it, and through his labor and skill contributes largely to increase the capital stock, the addition so made does not become the separate property of the wife so as to be beyond the reach of the husband's creditors.

3. SAME—*When the Wife's Advances to the Husband May be Regarded as a Loan.*—Where the wife advances capital to commence a business to be carried on by the husband, and the proceeds of his labor and skill become so interwoven with the capital of the wife as to render identification quite impossible, the wife loses the right to reclaim her property, and the transaction may be regarded, so far as his creditors are concerned, as a loan of the wife's money to the husband.

4. CROSS-EXAMINATION—*In Cases Involving the Wife's Separate Property.*—In controversies involving the rights of property between the wife and creditors of the husband, the manner in which the husband worked, to whom he accounted, the fact, if it is a fact, that the wife never received any money from him and that he never accounted to her, her knowledge of the contract under which he worked, are matters concerning which opposing counsel should be allowed to cross-examine the wife.

5. PRACTICE—*Time Allowed for Arguing Cases.*—The time in which counsel are to be permitted to argue a case before a jury, rests in the sound discretion of the court.

6. TRIALS—*Misconduct of Counsel.*—For an improper remark to the jury during the argument of a case counsel should be severely rebuked so that he may derive no benefit from such remarks.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 14, 1896.

WILLIAMS & CRAFT, attorneys for appellant.

RALPH M. SHAW, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of replevin.

Phillip Shugg, having obtained a judgment against the husband of appellee, levied upon the fixtures and stock of a saloon of which appellee claims to be the owner and proprietor, whereupon she brought this action.

The license for the saloon was issued to H. Barkowsky

upon a bond signed " H. Barkowsky," appellee's husband making the signature. Appellee did not sign the bond.

The judgment under which the levy was made, was, it appears, obtained by Shugg for money due him for working about the saloon, driving a beer wagon.

Appellee testifies that she hired appellee; that he worked for her; but just why, if this be the case, she has not paid him, or does not pay the judgment obtained for such service, does not clearly appear.

Shugg testifies that he was employed by appellee's husband, and that the husband was the proprietor of the saloon, to whom he, Shugg, accounted for sales.

That the husband did have a great deal to do with the running of the saloon, clearly appears; that he and his children worked much, there, is manifest.

The evidence is such in this regard, that the law will scrutinize carefully the transactions by which it is claimed that the wife is now the owner of the entire fruit of the joint labors.

A man's labor and skill in any trade or branch of business is valuable capital, and it is as unlawful for him to appropriate the results of that labor and skill to the exclusive use of his wife, as her separate property, as it would be to thus appropriate his money to the detriment of his creditors.

If a married woman advances her separate money and places the same in the hands of her husband, for the purpose of carrying on any general trade, though in the wife's name, and the husband by his labor and skill in that undertaking, increase the funds, the entire capital embarked in the enterprise, together with the increase, will not constitute a separate estate of the wife, but will be liable for the debts of the husband.

If the wife furnish the original capital to commence a business, and the husband conduct it, and through his labor and skill contributes largely to increase the capital stock, the addition so made does not become the separate property of the wife, so as to be beyond the reach of the husband's creditors. It is not the wife's property, but the proceeds of the husband's

Pease v. Barkowsky.

labor and skill that the creditors have a right to claim, and if so interwoven with the capital of the wife as to render identification quite impossible, the wife loses the right to reclaim her property, and the transaction may be regarded, so far as concerning the creditors, as a loan of the wife's money to the husband, by means of which he engaged in trade. Wilson v. Loomis, 55 Ill. 352; Patton v. Gates, 67 Ill. 164; Robinson et al. v. Brems, 90 Ill. 351; Lachman et al. v. Martin et al., 139 Ill. 450; Guill et al. v. Hanny, 1 Ill. App. 490; Card v. Robinson, 2 Ill. App. 19.

In such a case as this, considerable latitude must be allowed in cross-examination of the party claiming to be the owner of the entire property.

We think that the manner in which Mr. Shugg worked, to whom he accounted, the fact, if it be, that appellee never received any money from him, and that he never accounted to her, her knowledge of the contract under which Shugg worked, and her conversation with him when he left, were matters concerning which appellant should have been allowed to cross-examine her. So, too, statements made by her agents in matters concerning which they had a right to speak and act for her, and which she, as against Shugg, received the benefit of, and upon the truth of which he acted in his suit brought against her and her husband to recover for moneys by him earned while working in the saloon, were admissible.

The time within which counsel are to be permitted to argue a case before a jury, rests in the sound discretion of the court; it would seem as if fifteen minutes was a very brief time in which to discuss the conflicting evidence in this cause, wherein thirty-six witnesses testified, and the evidence was voluminous.

Counsel should have been severely rebuked, in a manner so that he would get no benefit therefrom, for his improper remark to the jury concerning the alleged murder of Clarence White.

The judgment of the Circuit Court is reversed and the cause remanded.