First National Bank of Amboy, Illinois, Appellee, v.
Roy W. Gooch et al., Appellants.

Gen. No. 8,146.

454

October term, 1929.
filed August 21, 1930.

C. E. McNemar, for appellants.

Henry C. Warner and Clyde Smith, for appellee.

Mr. Presiding Justice Jett delivered the opinion of the court.

This is an appeal by Roy W. Gooch, Della M. Gooch, and Ralph W. Ruckman, appellants, from a decree rendered in the circuit court of Lee county, in favor of the First National Bank of Amboy, Illinois, setting aside and vacating a certain deed, made and executed by Roy W. Gooch, and Della M. Gooch to Ralph W. Ruckman, and a deed by Ralph W. Ruckman and Kathryn L. Ruckman, his wife, to Della M. Gooch, on the ground that the deeds were executed and delivered in fraud of creditors.

The lands conveyed consists of 280½ acres and a house and lot and belonged to Roy W. Gooch, who, on April 23, 1926, conveyed the same to his wife, Della M. Gooch.

The title to the lands was conveyed by Roy W. Gooch and Della M. Gooch, to Ralph W. Ruckman, who in turn was joined by his wife in a deed to Della M. Gooch, placing the title thereof in the name of Della M. Gooch. Both conveyances were by warranty deed and contained no recitals or agreements concerning the expressed consideration of $1.

It appears that at the time of the execution of the deeds Roy W. Gooch was largely indebted to the Amboy State Bank, of which appellant Ruckman was an officer. Gooch was a man getting along in years. The property conveyed was improved. It was subject to a mortgage of $7,000. Roy W. Gooch had been engaged

in the oil business and in consequence thereof, lost considerable money. Ruckman became solicitous about the indebtedness of Roy W. Gooch to the bank and to certain residents of Amboy, to whom he had been instrumental in negotiating some of Gooch's paper. Ruckman called in Gooch and his wife, and conferred with them. Ruckman suggested that Roy W. Gooch convey his farm to Della M. Gooch, who was the owner of $8,000 or $9,000, of bonds and securities. She held two notes of Roy W. Gooch aggregating $4,200. Ruckman also knew of a note for $2,000 Gooch had executed, which was held by a man by the name of Goy and another one for $1,500 owned by a man by the name of Green. Both of the two last-mentioned notes had been negotiated by Ruckman on behalf of Gooch. At the time of the conveyance between Ruckman, Gooch and his wife, Gooch owed the bank $7,110. These various items of indebtedness were totaled by the respective parties at the conference. It was also known that Gooch had received a bequest belonging to his daughter, Vera, in the sum of $500, and that a part of his land was incumbered by an annuity of $400, payable to his mother. It was the plan of Ruckman for Mrs. Gooch to take title to all the land and to assume and to pay the above-mentioned indebtedness.

Before the transaction was consummated, Mrs. Gooch borrowed $1,200, from Amboy State Bank and the money was deposited to the credit of Gooch, her husband.

The items of indebtedness discussed at the meeting of Ruckman, and Mr. and Mrs. Gooch, were the individual indebtedness of Roy W. Gooch to the State Bank of Amboy of $7,110; Mrs. Gooch's note to the bank of $1,200; the Goy note of $2,000; the Green note of $1,500; mortgage on the land, $7,000; two notes to Mrs. Gooch, $4,200; the bequest to Vera, $500; and the annuity estimated at $3,000. This makes a total of $26,510.

Della M. Gooch acceded to the suggestion made by Ruckman and the debts were paid. She gave her individual note for $6,000 to the bank in part payment of her husband's indebtedness. Gooch gave a chattel mortgage to cover the remainder of his indebtedness, including the $1,200 his wife borrowed.

Gooch subsequently went into bankruptcy and Mrs. Gooch paid off the note secured by the chattel mortgage. It appears that the above-mentioned creditors were all satisfied with the transaction.

The record discloses that on the 6th of January, 1927, the First National Bank of Amboy, appellee, recovered three judgments in the circuit court of Lee county, against Roy W. Gooch, one of which was for $2,285.55, another for the sum of $735.39, and the other for $679.65; that executions were issued on all of said judgments on said 6th day of January, 1927, and delivered to the sheriff of Lee county in which said county Roy W. Gooch resided; that the executions were returned by the sheriff wholly unsatisfied and "no property found."

It is not just clear from the record whether or not Della M. Gooch knew that appellee held the notes of her husband at the time of the meeting held by Ruckman, Gooch and Mrs. Gooch; whether they had any information or not, that matter was not taken into consideration at the time the deeds were executed and she agreed to assume and to pay the specific notes and obligations of her husband as hereinbefore mentioned. Gooch was adjudged a bankrupt, and almost a year from the time the deeds in question were executed, this suit was filed; the case was heard by the chancellor with a finding in favor of appellee and the decree was entered, setting aside the deeds.

The question to be determined is, whether or not the evidence supports the findings and the decree.

The main contentions of appellee against the transaction are that the land sold at a largely inadequate

price to Mrs. Gooch and that the indebtedness alleged to be due her is largely fictitious. A number of witnesses on the part of appellee testified that the land was worth in the neighborhood of $40,000; a like number testified on behalf of appellants that it was worth around $20,000.

The difference in opinion between the witnesses who testified on the part of appellee and those on behalf of appellants, concerning the value of the land in question, can be accounted for by the fact that appellee's witnesses in fixing the value of lands, laid great stress on the value of the improvements and by that means boosted the value of the farms. The witnesses on the part of the appellants estimated the value of improvements in connection with the soil on the basis such improvements and soil would bring when placed on the market for sale.

We appreciate the fact that it is necessary that the farming lands be improved with dwelling houses, barns and outbuildings to be occupied by those who till the soil and that the improvements go to help enhance the value of the property. One thing, however, that should be taken into consideration when it is sought to determine the market value of lands and premises, is the amount of revenue that may be derived therefrom.

The proper inquiry in such cases is what was the fair cash market value of the premises at the time of the transaction in question, not what the buildings or improvements cost, but the land and premises with the improvements on the date of the execution of the deeds.

It will be remembered that one-half of the land in question was subject to an annuity of $400 per year.

We are of the opinion, taking into consideration the burden of the annuity and the general market conditions of farm lands, that Mrs. Gooch paid a fairly adequate price for the lands in question.

The rule is that a purchaser is not compelled to give the highest price for land and that a deed will not be set aside for inadequacy of price if the consideration is fair and reasonable.

It is insisted by appellee that Mrs. Gooch was not a bona fide creditor to the extent she claims. Della M. Gooch and Ralph W. Ruckman testified to the amount of the consideration for which the land was conveyed, and their testimony is uncontradicted by anyone. It is corroborated in detail by documentary proof, checks, notes, and the records of the Amboy State Bank. The amount of the indebtedness constituting the consideration is not only proved, but also the consideration for such indebtedness is completely established. The proof by which it is established is neither impeached nor contradicted.

That Della M. Gooch had a separate patrimony of her own amounting to $17,000, inherited from her father, is not controverted; that she had loaned $4,200 of it to her husband, $2,000 at one time and $2,200 at another, and received from him two separate promissory notes, is not disputed; that she had in addition to the amount loaned Roy W. Gooch, in her own right, approximately $9,000 left from her father's estate, is not questioned. It was invested in city bonds, stock and promissory notes.

If the evidence of Mrs. Gooch and of Ruckman is true, then there can be no question but that the consideration was paid as testified to by them. There is nothing in this record to show that their evidence is not true.

It is suggested by appellee that Roy W. Gooch has managed the farm, and he controlled the proceeds derived therefrom, or a large portion thereof, and that such facts tend to throw suspicion upon the transaction.

In *Wolkau v. Wolkau*, 299 Ill. 176, at page 184, the court announced the rule on accounts between husband

and wife in the following language: "It is the policy of the law to promote peace and harmony in the marital relations, and a wife should not be compelled to deal with her husband as she would with a stranger in order to preserve her rights. In view of the confidence which it is naturally expected a wife reposes in her husband, the wife is not required, in order to preserve her rights, to demand of her husband a strict financial accounting of his dealings with her separate or their common property."

*Farrow v. Eldred Drainage and Levee Dist.*, 232 Ill. App. 647, was a suit in which Lizzie Farrow had sued the drainage and levee district for damages occasioned by the overflow of waters from a ditch constructed by the district. It was the contention of the levee district that the proof did not show that Lizzie Farrow was the owner of the crops that were damaged, but tended to show that the crops were owned by her husband. In its decision of the case, the court found that the wife owned the land upon which the crops were raised and that her husband looked after and managed the work of putting in the crops and of harvesting and disposing of them, in the same manner as if they were his own with the consent and acquiescence of his wife, and in its opinion the court among other things said:

"It may be said concerning this contention that the part which the husband takes in the cultivation and management of his wife's land, with her knowledge, acquiescence and consent, natural to the marriage state, does not deprive the wife of her right of property in the crops. Where a husband and wife live together on the wife's farm, and he contributes personal labor and manages the farm in such a way as is consistent with the common interests of both, and the proper enjoyment of the property, it does not convert the products of the farm into property of the husband.

(*Blood v. Barnes,* 79 Ill. 437; *Primmer v. Clabaugh,* 78 Ill. 94; *Alsdurf v. Williams,* 196 Ill. 244.) ''

In a decision of this cause the court should keep in mind that the rule is that a debtor in failing circumstances may prefer one creditor to the exclusion of others when he does so in good faith and for a valuable consideration; that it is also the rule, a husband may deal with his wife in business matters and protect her by conveyances in satisfaction of existing indebtedness. So may he protect relatives standing as creditors if done in good faith. Such relationship is not proof of fraud or that there is no bona fide indebtedness. (*Ayers Nat. Bank of Jacksonville v. Barber,* 287 Ill. 182, at page 188–189.)

Relationship is merely a circumstance that may excite suspicion but will not of itself amount to proof of fraud. (*American Hoist & Derrick Co. v. Hall,* 208 Ill. 597–601; *Merchants' Nat. Bank v. Lyon,* 185 Ill. 343.)

The rule is that when the husband, who is insolvent, makes a voluntary transfer of his property to his wife without consideration, the law presumes fraud. Where the husband transfers all his real estate to his wife in order to prefer her and others of his creditors for a valuable consideration, the conveyance is not presumed to be fraudulent but the party alleging fraud must prove the same by competent evidence and by a preponderance of all the evidence in the case.

Appellee has failed to prove the allegation of fraud stated in its bill that Roy W. Gooch retained any interest in the land transferred by him to Della M. Gooch, other than his inchoate dower right given him by the law in all real estate owned by his wife. Furthermore, the allegation in the bill filed by appellee, that the consideration paid Roy W. Gooch was a pretended consideration is not sustained by the evidence in the case. On the other hand the uncontradicted testimony

in the cause shows an adequate and actual consideration of thousands of dollars.

We are unable to say, after an examination of the evidence, that fraud has been proved by the appellee by either direct testimony or by the proof of facts and circumstances surrounding the transaction.

After a full and complete examination of the record, we conclude that the decree of the circuit court of Lee county should be reversed and the cause remanded with directions to the chancellor to enter a decree dismissing the bill of complaint filed by appellee. Decree reversed and remanded with directions.

*Reversed and remanded with directions.*