## JAMES GARVIN

*v.*

## WILLIAM GÆBE, Admr. etc.

MARRIED WOMEN—*title to crops grown on land rented.* Where wheat is raised on land rented by a married woman, with her teams, by hands employed by her, and from seed procured by her with means derived from sources other than her husband, it is her property, and the fact that her husband may have done some work about raising the crop gratuitously, or for compensation, does not affect her title.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. GREENE P. HARBIN, for the appellant.

Mr. P. E. HOSMER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The only question presented by this record is, whether the property in controversy belonged to appellee's intestate, or whether it belonged to the execution debtor. It had been levied upon by the appellant, who was an officer, by virtue of two executions against the goods and chattels of Christ. Schmalsede. The appellee, who is the administrator of the estate of Louisa Schmalsede, deceased, who was the wife of the execution debtor, then brought this action in replevin to recover the property for the benefit of the estate. The cause was heard before the court without the intervention of a jury. It found the issues for the plaintiff in the action, and the only point made is, whether it found correctly on the evidence.

There is no controversy, Mrs. Schmalsede in her lifetime acquired all the property upon which the executions were levied, except the wheat, by devise under the will of William Schmalsede, deceased. We do not understand it is claimed the property she acquired under the will is liable to the executions the officer had against the property of her husband.

As to the wheat, the evidence is all one way. It was raised on a farm Mrs. Schmalsede in her lifetime had rented, with her teams, and by hands employed by her. She furnished the seed, which she procured by means which she derived from sources other than her husband. The fact her husband may have done some work about raising the crop, gratuitously, or for compensation, does not affect her title to the property. The evidence is full to the point, the wheat was raised by her, for her, and was in fact her individual property, in which her husband had no interest whatever.

Syllabus.

The administrator is the legal representative of the deceased as to the personal estate, and the suit was properly brought in his name.

The judgment is right, and must be affirmed.

*Judgment affirmed.*