## Victoria Bongard

*v.*

## Henry C. Core.

1. MARRIED WOMEN—*husband may act as wife's agent.* A married woman may own real and personal property under the statute, and have her husband act as her agent in transacting the business growing out of such property, such as preserving and transferring the same, without subjecting it to the payment of his debts.

2. SAME—*increase and profits.* The products of the lands of a married woman, the rents of her real estate, the increase from her stock, the interest on her money, etc., are all hers as absolutely as the capital or things from which they arise.

3. SAME—*land paid for with products.* If a married woman buys land and pays for the same from the products when sold, even though her husband acts as her agent in its control and management, bestowing a portion of his time, the land will not become his, and the products thereof will not be liable for his debts.

4. SAME—*earnings.* It would be an unreasonable and forced construction of the statute to hold that the rents of a wife's property or the products of her farm, or the increase of her stock, were her earnings, and became the property of her husband.

5. SAME—*crops, when husband contributes his labor.* The fact that a crop is raised on the land of a wife under the supervision of her husband, he contributing some personal labor in controling and managing the business, will not make the crop his and subject it to the payment of his debts.

6. SAME—*agency of husband should be left to the jury.* Where a crop raised upon the land of a married woman is taken in execution as the property of the husband, and the proof tends to show that she employed and paid for the labor that produced the same, through her husband, the fact whether he was her agent in the matter should be submitted to the jury, and it is error to refuse an instruction upon the hypothesis of his agency.

APPEAL from the Circuit Court of Champaign county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of replevin, brought by the appellant against the appellee, to recover the possession of 2500 bushels of corn. The defendant justified the taking, as sheriff, under an execution against Joseph Bongard, the husband of the plaintiff, alleging ownership in the husband. The jury found for the defendant, and judgment was rendered accordingly.

Mr. THOMAS J. SMITH, Mr. Z. S. SWAN, and Mr. GEORGE W. GERE, for the appellant.

Mr. J. S. WOLFE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

There was manifest error in the refusal of the court to give the second of appellant's instructions. It asserts that a married woman may own real and personal property, and may have her husband to act as her agent in transacting her business in reference to such property, and that if they believed from the evidence that appellant was the owner of the property in controversy, they should find for her, notwithstanding they believed the husband acted as agent for her in the sale and transfer of the same.

Since the adoption of the act of 1861, authorizing married women to hold real and personal property, free from the control of the husband, this court has repeatedly held that the wife may employ the husband as her agent in its management and control. The rule is well established in this court, and we presume the decisions announcing it are familiar to the entire profession, and, hence, we shall not stop to cite them.

There was an abundance of evidence to justify, and, in fact, to require that this instruction should have been given. As appellee pleaded property in the husband, it was important to determine in what capacity he was acting with reference to the property. It appears the title to the land upon which the corn was raised belonged to appellant, and that her money had paid for it; and that she received the money from the estate of her father, or from sources other than from her husband. She and her husband were living upon the land, and the evi-

dence tends to prove that she employed and paid for the labor that cultivated and produced the corn. If this is true, she should not be deprived of the property, simply because she may have employed her husband as her agent in preserving and selling it. And whether or not he was her agent, should have been left to the jury, under the evidence in the case.

The first of appellee's instructions is vicious, in announcing as a rule, that if appellant bought the farm and paid for it out of money raised from the sale of articles sold from the farm, and she was a married woman, living with her husband, then such earnings belonged to the husband, and the land belonged to the husband, unless she proved that such earnings were acquired from some other person than her husband. It would be a forced and unreasonable construction of the statute to hold that the rents of a wife's property, or the products of her farm, or the increase of her stock, were her earnings, and became the property of her husband. They are not embraced in the definition of the word "earnings," and it would violate the intention of the law-makers to so hold.

The products of her lands, the rents from her real estate, the increase from her stock, the interest on her money, etc., are all as much and as absolutely hers as the capital or things from which they arise. It would be but a mockery to say that a married woman might own and control her property, but all the increase or products arising from it should belong to her husband. To so hold would be to render her ownership useless, and to defeat the very purpose of ownership of property. If appellant purchased the land and held and cultivated it, and the products thus acquired went to the payment of the purchase money, it was rightful, as the products were hers, and she could so apply them. It was error to give this instruction.

Nor is the proposition contained in the third of appellee's instructions correct. It asserts that although the land may have belonged to appellant, if the corn was raised under the supervision of the husband, he contributing his personal labor thereto, then the corn would be his property. We have

seen that the husband may be the agent of the wife, and if he was, and had supervision of the crop and its cultivation, that could not affect the title of the wife. Nor could the fact that the husband contributed a small portion of the labor change the result, whatever might be held had he contributed all of the labor. But that question is not before us, and we will not discuss or decide it. This instruction should not have been given.

The other objections urged may not arise on another trial, and we therefore deem it unnecessary to discuss or decide them.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*