### DELERHE P. CUBBERLY

*v.*

### JAMES A. SCOTT *et al.*

*Filed at Ottawa November 17, 1880—Rehearing denied March Term, 1881.*

MARRIED WOMEN — *engaging in business—employment of husband as clerk.* Under our law a married woman may own her separate estate, and may invest any funds she may have in business without thereby subjecting her property so invested to the payment of her husband's debts. She may employ her husband as a clerk and to assist in conducting the business as any other person, and will not thereby lose her right of property as against his creditors.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. BECKER & DALE, for the appellant:

The business was commenced in April or May 1874, during which months, from $7000 to $9000 worth of goods were purchased while the law of 1861 was in force. That law was not designed to overcome the presumption of the common law, that the husband owns all the personal property in the possession of the wife while they are living together; and if she claims it, the *onus* is on her to show, not only that she acquired it in good faith from some person other than her husband, but also where and of whom she obtained the consideration paid for it. *Reeves* v. *Webster*, 71 Ill. 307.

While a married woman, under the act of 1861, may purchase goods on credit for her own use in her own business *already* established, we know of no decision which authorizes her to establish a business or acquire an estate in their inception on credit. *Robinson* v. *Wallace*, 3 Wright (Pa.) 129; *Haight* v. *McVeigh*, 69 Ill. 624; *Nispel* v. *Laparte*, 74 id. 306; *Carpenter* v. *Mitchell*, 50 id. 470; *Thompson* v. *Weller*, 85 id. 197.

If the husband's labor and skill enhanced the wife's property and increased the same, the entire fund embarked in the enterprise, together with the increase, will not constitute the separate property of the wife, but will be liable for the debts of the husband.   *Wilson* v. *Loomis,* 55 Ill. 352; *Robinson et al.* v. *Brems et al.* 90 id. 351; *Elijah* v. *Taylor,* 37 id. 247; *Wortman* v. *Price,* 47 id. 22; *Brownell* v. *Dixon,* 37 id. 197; *Dean* v. *Bailey,* 50 id. 481; *Blood* v. *Barnes,* 79 id. 437; *Primmer* v. *Claybaugh,* 78 id. 94; *Guill* v. *Hanny,* 1 Bradw. 490; *Card* v. *Robinson,* 2 id. 19.

Mr. M. J. DUNNE, for the appellees:

A married woman possessed of separate property may employ her husband as her agent to transact her business, either generally or in a particular case.   *Brownell* v. *Dixon,* 37 Ill. 197.

The wife may entrust means, inherited by her since 1861, to her husband to loan or invest, and it will be protected in his hands to the same extent as would the money of a stranger under like circumstances.   *Sweeney* v. *Damron,* 47 Ill. 450; *Dyer* v. *Keefe,* 51 id 525; *McLowry* v. *Bartlow,* 53 id. 340; *Harris* v. *Haines,* 54 id. 340; *Greenwood* v. *Jenkle,* 68 id. 320; *Farwell* v. *Patterson,* 43 id. 58; *Cole* v. *Van Riper,* 44 id. 58; *Dean* v. *Bailey,* 50 id. 481; *Elijah* v. *Taylor,* 37 id. 247; *Primrose* v. *Claybaugh,* 78 id. 94; *Baker* v. *Baker,* 53 id. 163; *Hazelbaker* v. *Goodfellow,* 64 id. 238; *Haight* v. *McVeagh et al.* 69 id. 624; *Wing* v. *Goodman,* 75 id. 159; *Patten* v. *Patten,* id. 440; *Blood* v. *Barnes,* 79 id. 437; *Bongard* v. *Cox,* 82 id. 11.

The same rule has been held in other States.   *Abbey* v. *Deyo,* 44 Barb. 374; *Buckley* v. *Wells,* 33 N. Y. 518; *Owen* v. *Cawley,* 36 id. 601; *Vorheis* v. *Bonestel,* 7 Blatch. 495; 16 Wall. 16; *Wilman* v. *Andersen et ux.* 6 Wright, 311; *Welch* v. *Kline,* 57 Pa. 428; *Cooper* v. *Harr,* 49 Ind. 394; *Mitchell* v. *Sawyer,* 21 Ia. 582; *Rankin* v. *West,* 25 Mich. 195; *Webster* v. *Hildreth et ux.* 33 Vt. 457; *White* v. *Hildreth,*

32 id. 265; *McIntyre* v. *Knowlton,* 6 Allen, 560; *Fuller* v. *Alden,* 23 Wis. 301; *Newton* v. *Clark,* 1 Disney (Ohio) 265.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Only questions of fact are involved in this case, and no extended discussion will be necessary.

This is a creditor's bill, brought by Delerhe P. Cubberly, to subject a stock of goods claimed by Isabella Scott, to the payment of a judgment in favor of complainant and against James A. Scott, who is the husband of the principal defendant. Since April or May, 1874, Isabella Scott has been carrying on business in the name of "Scott & Co.," her husband being with her in the store as her clerk. Prior to that date, the judgment debtor had been engaged in the same line of business with perhaps two different partners, and had failed.

The only question in the case is whether the present stock of goods is, in fact, the property of claimant. There is evidence tending to show that the goods with which to commence the present business, were bought with money belonging to her and derived from sources other than her husband. The ownership of the property and the good faith of the transaction were involved in the decisions of the Superior and Appellate Courts. Both courts found adversely to the position taken, that James A. Scott was the owner of the stock of goods, and, of course, they must have found affirmatively that claimant was the *bona fide* owner. After a careful consideration of the testimony, no reason is perceived for differing from the conclusions reached by the lower courts.

Under our laws, a married woman may own her separate estate, and may invest any funds she may have in business, and when that is done, as the evidence tends to show was done in this case, her property can not be subjected to the payment of her husband's debts. The fact her husband was a clerk in the store does not affect the rights of claimant. She could as rightfully employ her husband to act as her clerk and to assist in the transaction of the business as any

other person. The good faith of the transaction is always a question of fact. Upon this branch of the case, there is no just reason for being dissatisfied with the decision of the trial court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*