LOUIS NICHOLS ET AL.

v.

JOHN WALLACE.

SAME

v.

H. SEITER & COMPANY.

*Fraudulent Conveyances—Secret Trust—Husband and Wife—Agency —Evidence—Declarations of Grantor.*

1.   In the absence of a design to hinder or delay his creditors, a man in debt may, without consideration, voluntarily convey property to his wife for the purpose of creating a separate estate in her, his creditors being protected by the retention on his part of property enough to satisfy their demands.

2.   In case of such conveyance the husband may properly manage the property so conveyed, as the agent of the wife.

3.   Declarations made by the husband in the absence of the wife and without her admission of their truth are inadmissible to affect her title to property so conveyed.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Nichols v. Wallace.

Appellees, as judgment creditors of Louis Nichols, filed bills in the Circuit Court of St. Clair County to set aside and cancel a deed from Nichols to his wife, conveying about one hundred and seventy-eight acres of land in St. Clair county, and to subject said land to the payment of judgments recovered against Nichols. The two causes were consolidated and tried as one. In each of said bills, after the usual allegations of the recovery of judgment and issuing of execution, failure to collect, etc., substantially the same grounds are alleged for setting aside and canceling said deed, viz.: that on November 17, 1885, Nichols made a pretended conveyance in fee of the lands described, to his wife, Mary W. Nichols, for a pretended consideration of nine thousand dollars; that said conveyance was not real, but was a mere sham, and no consideration was paid ; that said conveyance was not made in good faith, but that said Louis Nichols, since the conveyance, retained the possession of and exercised acts of ownership over said land, and actually owns the same, and said land is held in trust by Mary W. for Louis, and for his use and benefit, and said pretended deed is in the way of a levy of said executions on the land. It is not alleged Nichols was insolvent at the time he executed the deed to his wife. The court, by its decree, found said deed was made without consideration and with fraudulent intent ; that the lands are actually owned by said Louis, and are held by said Mary in trust for him and for his use and benefit; that the judgment of H. Seiter & Co. and the judgment of John Wallace became, at the times they were entered, and still remain, liens on said lands, and are unpaid ; orders and decrees that said deed be set aside, vacated, held for naught, and null and void as against said judgments and costs; that complainants be authorized to issue other executions upon their respective judgments, and that the sheriff of said county proceed to levy upon and sell lands for the payment and satisfaction of the judgments, interest and costs, and defendant, Louis Nichols, pay the costs of this proceeding, and the same be a lien on said lands, and that complainants have execution therefor. From this decree defendants, Louis and Mary W. Nichols, appealed, and bring

the record up for review in this court, and ask that the decree be reversed.

Messrs. KOERNER & HORNER, for appellants.

Where there are no creditors whose rights may be put in jeopardy, it is competent for a husband to create a separate estate for his wife out of his own property, and no one can impeach the transaction, or inquire into its propriety, unless he was a creditor of the husband at the time. Yazel v. Palmer, 81 Ill. 82.

It is competent for a party to create a separate estate for his wife out of his own property, if there are no creditors of the husband at the time, whose rights will be affected thereby, or even if there are creditors, if the husband retains a sufficient amount to satisfy their claims. Bridgford et al. v. Riddell et al., 55 Ill. 261; Moritz v. Hoffman et al., 35 Ill. 553.

No creditor without any lien has any right to complain that his debtor is giving away his property to his wife or children, unless such creditor can establish the fact that the debtor has not retained enough to satisfy existing debts.

Such grantor must make himself insolvent by such gifts or conveyances, and to impeach them fraud must be alleged and proved.

In the absence of an allegation in a creditor's bill to reach property given by a husband to his wife, that he was insolvent at the time, and that such gift rendered him unable to meet all his legal obligations, or even that he owed any other persons, and of proof to sustain the same, it can not be presumed that any other debts of the husband existed. Bittinger v. Kasten et al., 111 Ill. 260.

When existing creditors are not injured a husband may convey land to wife. Lincoln v. McLaughlin, 74 Ill. 11; Patrick v. Patrick, 77 Ill. 555.

Creditor's bill to set aside alleged fraudulent conveyance from debtor to his wife must contain averment that creditor was debtor's creditor at time of conveyance and that debtor was then insolvent, or it is fatally defective. Uhre v. Melum, 17 Ill. App. 182; Koster et al. v. Hiller, 4 Ill. App. 21.

Husband may convey to wife, if he does not impair claims of existing creditors. More v. Page, 111 U. S. 117.

Husband may act as agent for his wife. Cubberly v. Scott et al., 98 Ill. 38; Bennett et al. v. Stout et al., 98 Ill. 47; Bougard v. Core, 82 Ill. 19.

Messrs. Dill & Schaefer and Marshall W. Weir, for appellees.

In Emerson v. Bemis, 69 Ill. 540, the court says:

"The general rule is, that a voluntary conveyance as against pre-existing creditors is fraudulent in law, and void.

"Mr. Justice Story, after thus stating the general rule, says the doctrine requires, or at least may admit of some qualification in relation to existing creditors, 'where the circumstances of the indebtment and the conveyance repel any possible imputation of fraud, as where the conveyance is of a small property by a person of great wealth, and his debts bear a very small proportion to his actual means.' 1 Story Eq. Ju., Sec. 355.

"In Hinds' Lessee v. Longworth, 11 Wheat. 199, it was said the mere fact of being in debt to a small amount would not make the deed fraudulent, if it could be shown that the grantor was in prosperous circumstances and unembarrassed, and that the gift to the child was a reasonable provision according to his state and condition in life, and leaving enough for the payment of the debts of the grantor.

"In Salmon v. Bennett, 1 Conn. 525, Chief Justice Swift in delivering the opinion, says: 'Where there is no actual fraudulent intent, and a voluntary conveyance is made to a child in consideration of love and affection, if the grantor is in prosperous circumstances, unembarrassed and not considerably indebted, and the gift is a reasonable provision for the child according to his state and condition in life, comprehending but a small portion of his estate, leaving ample funds unincumbered for the payment of the grantor's debts, then such conveyance will be valid.'

"In discussing this subject in 2 Bland, 33, Kipp v. Hanna, the doctrine is thus laid down: The true rule by which the

fraudulency or fairness of a voluntary conveyance is to be ascertained in this respect, is founded on a comparative indebtedness; or, in other words, on the pecuniary ability of the grantor, at that time, to withdraw the amount of the donation from his estate, without the least hazard to his creditors, or in any material degree lessening their then prospects of payment; and see Williams v. Banks, 11 Md. 198; Potter v. McDowell, 32 Mo. 369." In Bittinger v. Kasten, 111 Ill. 265-6, this rule is quoted and approved by the court.

GREEN, P. J. The bills of complaint in this record do not charge that Nichols was insolvent at the time he made the conveyance to his wife, but present as grounds for setting aside the deed and granting the relief prayed for, that the wife holds the property in secret trust for the husband, and the conveyance was made to hinder and delay his creditors in the collection of their claims against him. A man in prosperous circumstances, although in debt, may, without consideration and voluntarily, convey property to his wife for the sole purpose of creating a separate estate in her for her support and maintenance. To maintain such conveyance it must be made in good faith and for the purpose indicated, and without design or intent on the part of the grantor to hinder or delay his creditors, and he must, at the time of conveying, retain in his possession property sufficient to discharge all his debts then existing. Such is the law, briefly stated, applicable in this case and announced in numerous cases by our Supreme Court. Moritz v. Hoffman, 35 Ill. 553; Bridgford v. Riddell, 55 Ill. 261; Bittinger v. Kasten, 111 Ill. 260, and cases there cited. In the opinion in Bridgford v. Riddell it is said: "It is not doubted that it is competent for the husband to create a separate estate for his wife out of his own property, if there are no creditors of the husband at the time whose rights will be put in jeopardy, and even if there are creditors, if the husband retains a sufficient amount to liquidate their claims, it is still lawful. No one can impeach the transaction or inquire into its propriety, unless he was a creditor of the husband at the time and was thereby injured. It has never

been held to our knowledge that a subsequent creditor can inquire into the fairness of the transaction, even if the conveyances to the wife be regarded as voluntary conveyances without actual consideration, for the so'e purpose of creating a separate estate in the wife. It seems to us that it would be inequitable to hold that a man in his prosperous days could not create a separate estate for the wife, which should be for her maintenance in case disaster should overtake him in his business transactions in later life; and that the estate thus created for the wife would not be beyond the reach of his subsequent creditors. The law not only sanctions such a course, but in many instances it is nothing more than simple justice to the wife."

Counsel for appellees do not contend the law is not as above stated, but insist the evidence establishes the truth of the allegations that Nichols conveyed the lands to be held by his wife in secret trust for his benefit, and with intent to hinder and delay his creditors. We do not concur with counsel in this, but after a careful examination of the record are led to the conclusion that the conveyance was made in good faith for the purpose of creating an estate in the wife for her benefit, and without intent or purpose to hinder or delay the creditors of Nichols in the collection of their claims. Direc - ing our attention to his financial condition at the time he executed this deed (and it is the intent and purpose *at this time* entertained by Nichols we are called upon to determine) we find he then owed H. Seiter & Co. nothing; he owed the claim of Wallace, amounting to $600, and interest from May 6, 1885, due in six months, and at least eight days before the deed to Mary W. Nichols was executed ; and he owed some other debts, small in amount, all of which were paid before the filing of said bills. At the time of the conveyance he owned three farms besides the one conveyed, and also an interest in other real estate. There were mortgages then upon the farms but we are satisfied from the evidence that the property retained by Nichols *at the time* he conveyed the land in controversy to his wife, was worth, over and above all incumbrances, several thousand dollars, and was not only

ample to satisfy all claims against him then existing, but greatly in excess of their aggregate amount. The conveyance was made directly to his wife and the deed recorded on the day it was executed. No creditor was then pressing him, and he and his wife both testify the conveyance was made in pursuance of the promise of Nichols to deed her this land, made at the time of their marriage, and thus it would seem no sudden emergency or sinister purpose prompted the conveyance; and ever since it was made, she has received all the rents and profits and paid all taxes on the lands conveyed. True, her husband acted as her agent in looking after and managing the farm, and collected the rents, and for two years after the conveyance the grain dea'ers credited him, and sometimes him and the tenant, for the grain delivered from the land, but this was done without direction from her, or her husband, and she received the money paid Nichols for the grain so delivered. It was natural and proper for him to look after and manage the business for his wife, and she might lawfully permit or employ him to so act as her agent. Cubberly v. Scott, 98 Ill. 38; Bennett v. Stout, 98 Ill. 47.

Counsel for appellees invite our attention to the testimony of Tipton, against whom, jointly with Nichols, H. Seiter & Co. recovered their judgment. This witness testified Nichols told him after said judgment was obtained, "that he had conveyed that farm to his wife for the purpose of having a living out of it; that he would retain it for a living;" that in reply to the remark of witness, "Why then did you deed her the place?" Nichols said, "I have got to have a living for myself and the children, and for that reason I deeded the property this way." This testimony is contradicted by Nichols, but aside from that ought not be considered as against the wife. If it is true he made such declarations, she was not present, nor did she admit they were true, and as is said in the case of Bennett v. Stout, *supra*, "it would violate all rules of evidence to permit his declarations to defeat the title of his grantee."

We have examined the cases cited on behalf of appellees, and under the facts disclosed by this record find nothing

therein to incline us to a different view of this case than that we have expressed.

We think the decree was not warranted by the evidence and the law applicable to the facts proven, and the same is reversed and the cause remanded.

*Reversed and remanded.*