## FLORENCE A. POTTER

### v.

## ANNING O. CAMPBELL AND LUCY CAMPBELL.

*Contract—Specific Performance—Conveyance by Father to Son, Consideration Being Agreement to Support Parents—Death of Son—Claim of Father Against Deceased Son's Wife—Equity Without Jurisdiction —Remedy of Father—Statute—Liability of Devisee.*

1. Equity can not be resorted to for the purpose of enforcing specific performance of a simple contract of a deceased person against an executor, administrator, heir or devisee of such deceased, where no equitable liens exist on any assets of deceased, and where it is only intended to compel performance of specific acts obligatory on the deceased personally in his lifetime. The remedy, if any, is an action at law to recover damages for the non-fulfillment of the contract.

2. Defendant in error conveyed to his son a stock of goods in consideration of an agreement to support him for the rest of his life. He afterward conveyed to him, in consideration of love and affection, a tract of land. The son died, leaving all his property by will to his wife. Defendant in error filed a bill, to which the widow and the executor were parties defendant, praying that the right of complainant to life support out of the son's property be decreed, that sufficient of the estate for the purpose be set aside, a trustee to be appointed, etc. *Held,* that equity had no jurisdiction in the premises.

[Opinion filed December 12, 1892.]

IN ERROR to the Circuit Court of Ogle County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. N. C. WARNER and J. C. SEYSTER, for plaintiff in error.

Mr. WILLIAM BARGE, for defendants in error.

MR. JUSTICE LACEY. This was a bill in equity by the defendants in error against the plaintiff in error, seeking specific performance by her of a contract of her deceased husband, Darwin H. Campbell, who, it is claimed, in his lifetime, in consideration of a stock of goods worth $8,000,

Potter v. Campbell.

delivered and transferred to him by his father, one of the defendants in error, had agreed to support him and his wife during their natural lives.    This supposed contract was entered into in 1872, and the support to defendants in error was furnished by Darwin H. Campbell, the deceased, during the latter's life and until his death, January 13, 1887, some fifteen years after the transfer of the goods.  At the time of the death of said Darwin H. Campbell, the goods had all been disposed of and none remained in existence.    The bill also alleges that in the year 1866 the defendant in error had deeded Darwin H. Campbell a farm in consideration of love and affection, consisting of 166 acres, which is described and set forth in the bill, and that the said Darwin was not to convey or incumber it and that he did not, but held it at the time of his death.    At the time this deed was made to Darwin, Anning O. Campbell was a widower, but at the time the goods were transferred he had married Lucy, his then wife.    At the time of Darwin H. Campbell's death he left a last will and testament, which was admitted to probate, by which he delivered all his property to plaintiff in error, without making any provisions whatever for the support and maintenance of the defendants in error.    John B. Woodcock was appointed executor of said will, and A. O. Campbell had filed a bill in equity to set it aside.    The said executor and the appellant and Garret Stiles were made parties defendant to the said bill.    It was further alleged in said bill that in 1883, when Darwin H. Campbell sold said goods, it was agreed there should be set aside, as security for the support of said Anning O. Campbell and wife, $2,000 out of the proceeds of said sale, and that security should be taken for said sum, payable to Anning O. Campbell, with interest, etc., which latter agreement was never performed, and the entire proceeds were taken by said Darwin; but he continued to support his said father and his wife till his death.    The bill prayed that the rights of support of defendants in error for their lives be declared and their rights in the property be determined, and that so much of the estate be set aside as would be sufficient for the purpose of their

life support, and a trustee be appointed to hold and apply the same for that purpose; and the decree for the investment of the $2,000 be enforced and carried out, and for general relief. The executor answered denying the allegations of the bill; and also Florence A. Potter, the plaintiff in error, answered, denying the allegations of the bill setting up the statute of frauds, and also reserving a demurrer to the bill, for the reason that defendants in error had a remedy at law and none in equity.

Upon a final hearing of the evidence the court below found the equities for defendants in error, and that the said land was conveyed by Anning O. Campbell, then a widower to Darwin H. Campbell, in consideration of love and affection, and that said Anning O. Campbell, in April, 1867, intermarried with Lucy Campbell, and that in April, 1872, the stock of goods mentioned was given to plaintiff in error as alleged by Anning O. Campbell, in consideration that said Darwin H. Campbell would support, provide for and maintain said Anning O. and Lucy Campbell, and each of them, during their natural lives; that such support was furnished until the death of said Darwin H. Campbell, January 13, 1887; that the said goods were sold or otherwise disposed of by said Darwin for his benefit and advantage; that upon the death of the said Darwin H. Campbell, he devised by his last will his whole estate, the lands heretofore mentioned, to the plaintiff in error, who had, since the death of her husband, intermarried with one Porter; that $300 per annum would be a reasonable allowance for the support of Anning O. Campbell and wife. The court then formally decreed that the contract of the sale of the goods, made in 1872, be specifically performed; that the plaintiff in error and she, as executrix of the last will and testament of Darwin H. Campbell, deceased, within thirty days from 29th day of December, A. D. 1891, pay to Anning O. Campbell or Wm. Barge, his solicitor, the sum of $1,500, as the amount due and owing said Anning O. Campbell for past support and maintenance of complainants, from the death of Darwin H. Campbell to the date of decree; that they pay the fur-

Potter v. Campbell.

ther·sum of $150 for the same purpose, on the 1st day of January, 1892, and a like sum 1st June, 1892, and the like sum of $150 on the 1st day of January and June of every year thereafter, during the lives of the said Anning O. Campbell and his said wife. The decree was also made a lien on the said land described as a judgment would be, and judgment against plaintiff in error for costs, and also provision for sale of the land in case of plaintiff in error's failure to pay said amounts or any of them according to the provisions of the decree and a deed for the master. Then liberty is given by the decree for its future modification and increase, or diminish on the same annual payments.

It appears from the facts in the case as well as the findings of the court that there were none of the goods, or the proceeds thereof remaining from the stock given to Darwin H. Campbell in 1872, nor was the land in question given and deeded by Anning O. Campbell to Darwin H. Campbell in 1866, so given and deeded in consideration of any agreement of future support and maintenance. If therefore this bill can be maintained, it is not on the grounds of any legal or equitable trust, either in the lands or the goods resulting to Anning O. Campbell, or his wife, by virtue of any agreement for support. It is insisted by counsel for defendants in error that the court had equity jurisdiction on the grounds of compelling specific performance of Darwin H. Campbell's contract for support, and the right is claimed to attach by bill the specific property of the plaintiff in error, and subject it to sale the same as though some lien attached to it. The following cases are cited in support of this insistance, viz.: Frazier v. Miller, 16 Ill. 48; Ord v. Ord, 59 Ill. 46; Jones v. Miley, 72 Ill. 447; Galaher v. Herbert, 117 Ill. 160, and Henchel v. Mamero, 120 Ill. 660. We have examined each of· those cases and find them not in point. They simply hold that where the grantee takes land in consideration of the support of the grantor for his life, and afterward fails and refuses to carry out such agreement, the grantor may file his bill in equity and have the conveyance set aside. The grounds given by the court for such relief are

that the conveyance is held to be fraudulent, and the grantee will be held to have intended to commit a fraud on the grantor at the time the conveyance was executed. The court recognized the difficulty in each of those cases, and also the want of power of the court to compel personal attention and care of the grantee to the grantor as agreed, and hence on the grounds of fraud, voided the conveyance. In this case there can be no pretense of any fraud committed by Darwin H. Campbell, unless it were a fraudulent act on his part to die before Anning O. Campbell and his wife, for he faithfully carried out his agreement, if one were made, as long as he lived. In this case there are no grounds of equitable jurisdiction on account of any trust or interest in the land in question, for the reason that the conveyance of it to Darwin H. Campbell, was prior to the marriage of Anning O. Campbell to Lucy, his present wife, and not under any promise of future support and care. It was, as the decree finds, for love and affection. The goods that were given to Darwin H. Campbell, under the alleged agreement for support, were long since sold, and the proceeds dissipated. There were no grounds of trust in the goods to set aside any gift or transfer of them, and the plaintiff in error, Florence A. Potter, never received any of those goods, or their proceeds. We are of the opinion then, the only remedy that the defendants in error would have had against Darwin H. Campbell in his lifetime, if, after dissipating and disposing of the goods in question he had refused to furnish support to his father and stepmother, would have been an action at law for damages for failure to carry out his promise. We see no difficulty in assessing the damages so as to give adequate compensation for the loss of support, and no more so than in numerous cases that might be pointed out. The yearly cost of the support could be shown, which would establish the annuity, and then a resort to the life tables, and proof of the ages of defendants in error, would enable the jury to fix the present value of the promised support.

The mere possibility that the yearly value of the support might change would be too remote to be taken into account.

No case has been shown to us, and we think none can be, where any court has held that equity would hold jurisdiction to compel specific performance for grounds like these. But if such had been the case and defendants in error could have maintained a suit in equity for specific performance, the decree could only have been personal against Darwin H. Campbell, and would have amounted to no more than a judgment at law, with the exception, it might have been changed from time to time according to defendants in error's contention. Under such circumstances, at the death of Darwin H. Campbell, the only remedy defendants in error had, if any, which we are not called on to decide, was to proceed against the administrator or executor of the estate of the deceased like any other personal creditor, such as we have shown they were. Their claim would have been of no higher grade or class than any other unsecured claims. Their remedy would have been at law, even though a personal suit in equity could have been maintained against the deceased in his lifetime. By the death of Darwin H. Campbell the contract terminated and it was no longer executory. It could no longer be performed. Our statute provides the manner of settling claims and estates, and will not allow the administration of estates to be drawn into a court of equity except in extraordinary cases, when the whole administration would be taken into such court. County courts have the power even to adjust equitable as well as legal claims, although such courts have no chancery jurisdiction. The policy of the law in cases like this as regards the adjustment and settlement of claims would forbid the holding open a matter like this, to be readjusted from year to year, and especially where no better cause is shown for it than here. The plaintiff in error is no way privy to the alleged contract and could not be held personally liable for any support of the defendants in error, by virtue of her deceased husband's contract, except what might arise under Secs. 11 and 12, Chap. 59, R. S., 1874, which makes her liable to the amount of the real estate devised to her, where

she has alienated it, and to have it subjected to sale where
not alienated.

By Sec. 11, it is provided that "any person   *  *  *
who shall or may have any debts, suits or demands   *  *
*  against any person who shall die intestate and leave real
estate to his heirs, to descend according to the laws of this
State, may have and maintain the same actions against
executors and administrators, upon his bonds, specialties,
contracts and agreements against the executor or adminis-
trators and heirs, or against the executor or administrator
and devisees, or may join the executor or administrator, the
heir or heirs," etc.

·But by section 12, it is provided in substance that such
heir or devisee shall not be so liable, unless the personal estate
is insufficient to discharge the just demands against such
ancestor's or devisor's estate, and only to the amount of the
real estate and rents, issues and profits out of the same.
See People v. Brooks, 123 Ill. 246.

It will be seen by the above statute that only such actions
are allowed against the devisee as are allowed against exec-
utors or administrators. No action of the character here
brought is allowed by the statute. At common law the
heirs or devisees were not liable for any personal property
or real estate being devised or coming to them, except in
cases where the ancestor specially bound the heirs to the
payment of a debt by expressly so declaring in the deed,
and the heirs were then bound to the extent of the assets so
descended (People v. Brooks, *supra*), and the word assets
meant real estate. It will be seen that in this case there
was no lien or trust in the land attached and attempted to
be held in this case, which could give a court of equity
jurisdiction, and no liability at common law of the devisee,
the plaintiff in error, as Darwin H. Campbell cast no bur-
den on the land in his will. The only right of defendants
in error, if any existed, would be to bring a common law
suit in the same manner as could be brought against an ex-
ecutor or administrator, and also joining the administrator,
or procure the allowance of their claim against the estate,

and compel the sale of real estate under the statutes to satisfy it. Here is an unheard of proceeding, sanctioned by no equitable principle, nor by any statute, nor by any liability cast on the plaintiff in error by the common law.

Equity can not be resorted to for the purpose of enforcing a simple contract of the deceased as against an executor or administrator to enforce a specific performance of the deceased's agreement, where no equitable liens exist on any assets of the deceased, and where it is only intended to compel performance of specific acts obligatory on deceased personally in his lifetime. Death puts an end to such an agreement, and there can, after that, be only redress by awarding compensation. In this case the decree even went to the extent of awarding a personal decree against the plaintiff in error for the payment of $1,500, and $300 per annum after that, and also payment of costs, and this was all done without reference to the value of the real estate devised to her. The land was devised to her, and she could not, under any circumstances, be compelled to pay more than its value, even in case she had alienated it, which she had not done. We have not considered the question, nor do we decide whether defendants in error have any remedy against the executor as such, or against him and plaintiff in error, or against her under any provision of the statute.

The plaintiff in error has demurred to the bill in her answer because equity has no jurisdiction, and we think the point is well taken, and besides, the decree, at all events, is erroneous in decreeing personally against plaintiff in error as above mentioned. The decree of the court below is reversed and the cause remanded, with instructions to the Circuit Court to dismiss the bill.

*Decree reversed and remanded with instructions.*

JUDGE CARTWRIGHT, having been of counsel in the case, took no part in the decision here.