## John T. Milling, for the use of W. W. Taylor, Sheriff, etc., v. Andrew Hillenbrand et al.

1. FRAUDULENT CONVEYANCES—*Merchants in Failing Circumstances.* —A merchant in failing circumstances may sell, and by a bill of sale convey to a creditor his stock of merchandise, and if done in good faith and for a valuable consideration, it will be upheld in law.

2. SAME—*Change of Possession.*—Where a merchant in failing circumstances made a bill of sale of his stock of merchandise to one of his creditors, the creditor took possession and retained the keys of the building, spent a good part of his time in the store looking after the business and replenished the stock, retained the merchant in his employ as a clerk at a monthly salary, who remained in the store in that capacity, *held* that the change of possession was sufficient.

3. EVIDENCE—*Statements of a Grantor.*—The statements of a grantor in a bill of sale of a stock of merchandise, is not admissible for the purpose of defeating the title of his grantee.

Memorandum.—Action of debt. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration on a replevin bond; trial by jury; verdict for plaintiff for nominal damages; appeal. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

RECTOR C. HITT and A. T. LARDIN, attorneys for appellant.

J. T. MURDOCK and McDOUGALL & CHAPMAN, attorneys for appellees.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is a suit by appellant, John T. Milling, coroner of La Salle county, for the use of William W. Taylor, sheriff of said county, on a replevin bond given by appellees to said coroner in a suit instituted by appellee, Andrew Hillenbrand, for the possession of a stock of goods in Streator, which had been levied on by the sheriff under a writ of attachment against the property of one George Gordon. The replevin suit was not prosecuted, but was dismissed without a trial, and the goods replevied were ordered returned to the sheriff. The defendants in this suit on the replevin bond defended as against all but nominal damages on the ground that Hillenbrand, the plaintiff in the replevin suit, was the owner of the goods. They were successful in this defense and the plaintiff recovered nominal damages only.

George Gordon owned the stock of goods in question, and on April 25, 1892, was engaged in business in a building owned by defendant Hillenbrand. He was indebted to a grocery firm in Chicago in the sum of $580, and on that day a commercial traveler for the firm called on Hillenbrand at his meat market in a room adjoining the store and informed him of Gordon's financial condition, which was not good. Gordon was indebted to Hillenbrand to the amount of about $1,000, for money loaned, rent, meat and a hay account. As a result of the conference, Hillenbrand and the commercial traveler went to the store and sought payment or security for their claims. Gordon paid $200 on the grocery account and executed a bill of sale to Hillenbrand of the stock of goods for the consideration of $1,500, which was made up of the indebtedness to Hillenbrand, a note which Hillenbrand then signed with Gordon for $380 to the grocery firm for the balance of their claim, and which note

Hillenbrand assumed and paid, and the balance in money afterward paid to Gordon or on his order. The bill of sale was recorded and the keys were turned over to Hillenbrand who delivered them to the deputy sheriff when the writ of attachment was levied four days later on April 29, 1892.

It is contended on the part of appellant that the bill of sale was intended merely as a security to Hillenbrand, and not as an absolute sale, and that if the transaction could be regarded as a sale, there was no sufficient change of possession as against the attaching creditors.

We think that the evidence justified the conclusion of the jury on these questions. No doubt Hillenbrand at first sought security for his claim, but finding that he could not obtain it, he offered $1,200 for the stock. Gordon thought it worth more, and it was estimated by the commercial traveler, who had sold Gordon most of his groceries and was familiar in a general way with it, at $1,500, and finally Hillenbrand agreed to give $1,500 for it. The consideration was adequate, and the sale appears to have been *bona fide*.

The evidence concerning a change of possession was that the keys were delivered to Hillenbrand and retained by him; that he took possession when he received the bill of sale; that he was in the store a good part of the time looking after the business, and that he replenished the stock. Gordon was a Hungarian and the customers were of that language which Hillenbrand could not speak. For that reason he employed Gordon at $40 per month as clerk, and Gordon remained in the store in that capacity. It was obvious that Hillenbrand was in control of the business and premises.

It is complained that the court did not admit evidence of Gordon's declarations regarding the ownership of the goods made in the absence of Hillenbrand and without his knowledge after the execution of the bill of sale and surrender of possession.

It was not permissible to prove the statements of Gordon to defeat the title of his grantee. Bennett v. Stout, 98 Ill. 47.

The court, at the request of defendants, gave an in-

struction purporting to state what would be a sufficient change of possession as between Gordon and Hillenbrand. There was no question of that sort before the jury, and they would probably suppose that the instruction was intended to explain the law on the issue before them as to whether there had been a sufficient change of possession as against creditors. As a statement of the law on the issue being tried, it was objectionable; but the jury were fully and accurately instructed at the instance of plaintiff on the subject, and we are satisfied that they were not misled as to the law. Substantial justice seems to have been done, and the judgment will be affirmed.