## McDonald Mfg. Co. et al., use of, etc., v. Martha Williams.

1. MARRIED WOMAN—*May Employ Her Husband as Her Agent.*—In this State a married woman may have her own separate property, make contracts and do business as a *femme sole,* and avail herself of the services and agency of her husband in the conduct of her business or management of her property, without subjecting the profits arising from his management to the claims of his creditors.

**Trial of the Rights of Property.**—Appeal from the County Court of LaSalle County; the Hon. A. T. LARDIN, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

O. S. HAGEN, attorney for appellants.

FOWLER BROTHERS, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from the judgment of the County Court in an action brought by Martha Williams against appel-

lants, to determine the right in and to certain personal property which had been levied on and was then held by the sheriff of LaSalle county on an execution issued on a judgment entered in the Circuit Court of Kendall County against one Andrew Williams, the husband of said Martha Williams.

It appeared upon the trial of said cause that quite a number of years ago the mother of Andrew Williams gave to the said Martha Williams the sum of $500, whereupon appellee purchased the farm upon which she and her husband were living, and upon which the personal property in question was, at the time of the levy of said execution; that thereafter the mother of Andrew Williams died, leaving a will, in which she bequeathed to the said Martha Williams something over $1,000, which sum of money was applied toward the discharge of a mortgage resting on said farm; that since the purchase thereof, appellee and her husband, the defendant in execution, have lived upon and cultivated said farm, there being yet outstanding thereon a mortgage amounting to about $3,000; that during all of the time they have so occupied said premises the business of the carrying on of said farm has been done openly in the name of the said Martha Williams, and that her husband has worked for her, the produce of said farm, so far as the same has been sold, being disposed of by Martha Williams, and payment received by her; that the personal property used for the carrying on of said farm upon which the said execution was levied was largely purchased by the said Martha Williams in her own name, and the residue is the fruit of the operation of the farm, carried on as aforesaid.

It did not appear that any of the indebtedness on account of which the judgment of appellants was obtained, was incurred upon the faith of any ownership, right or title of the said Andrew Williams in or to the said farm, its products, or any of the property levied upon.

The question submitted to the court below was almost entirely one of fact. There does not seem to have been substantial difference between the parties to the cause as to the law involved in the case.

It is well established in this State that a married woman may have her own separate property, make contracts and do business as a *femme sole*, and avail herself of the services and agency of her husband in the conduct of her business or management of her property, without subjecting the profits arising from his management to the claims of his creditors. Lachman v. Martin, 139 Ill. 450; Langford v. Greirson, 5 Ill. App. 362–6; Robinson v. Brems, 90 Ill. 355; Garvin v. Gebe, 72 Ill. 447; Bongard v. Core, 82 Ill. 19; Blood v. Burnes, 79 Ill. 437; Haight v. McVeagh, 69 Ill. 624.

The judgment of the County Court is affirmed.